Dear Mr. Perez:
This office is in receipt of your recent opinion request in which you ask the following questions:
 1. Do Louisiana's Good Samaritan laws (as set out in Louisiana Revised Statutes 9:2793, 9:2793.1, 9:2793.2; 37:1731, 37:1735; and 40:1235) provide protection from civil liability to gratuitous rescuers (including lay rescuers) who use an automated external defibrillator (AED) to try to resuscitate someone in an emergency?
 2. Do the Good Samaritan laws (or any other statutes) provide protection from civil liability to an AED prescriber, to an AED provider or acquirer, to an AED instructor, and to a premises owner who agrees to have a AED on that premises?
 3. Do persons who own facilities where large numbers of people gather or frequent have a duty to provide AEDs (and/or similar resuscitation equipment) or other first aid equipment to persons on their premises?
LSA-R.S. 9:2793, the "Good Samaritan" statute, provides as follows:
 § 2793. Gratuitous service at scene of emergency; limitation on liability
 A. No person who in good faith gratuitously renders emergency care, first aid or rescue at the scene of an emergency, or moves a person receiving such care, first aid or rescue to a hospital or other place of medical care shall be liable for any civil damages as a result of any act or omission in rendering the care or services or as a result of any act or failure to act to provide or arrange for further medical treatment or care for the person involved in the said emergency; provided, however, such care or services or transportation shall not be considered gratuitous, and this Section shall not apply when rendered incidental to a business relationship, including but not limited to that of employer-employee, existing between the person rendering such care or service or transportation and the person receiving the same, or when incidental to a business relationship existing between the employer or principal of the person rendering such care, service or transportation and the employer or principal of the person receiving such care, service or transportation. This Section shall not exempt from liability those individuals who intentionally or by grossly negligent acts or omissions cause damages to another individual.
 B. The immunity herein granted shall be personal to the individual rendering such care or service or furnishing such transportation and shall not inure to the benefit of any employer or other person legally responsible for the acts or omissions of such individual, nor shall it inure to the benefit of any insurer.
By its plain language, LSA-R.S. 9:2793 provides general immunity from civil liability to any person who renders emergency care, first aid, or rescue at the scene of the emergency, by any actions, provided the caregiver does not intentionally or by gross negligence cause damage to another. The statute does not specify the type of care or instruments or devices used in administering the care, rather phrasing the type of care given in broad terms. The use of an automated external defibrillator would be one type of emergency care which would fall within the type protected by the statute.
In response to your second inquiry, this office is not aware of any specific legislation with respect to AED's of the kind referred to in your opinion request. However, we do emphasize that the provisions of LSA-R.S. 9:2793 do not apply when such care is rendered incidental to a business relationship. Whether an individual would be protected by the provisions of the statute in the various circumstances which you describe would depend on the nature of the particular relationship involved. If there is intentional harm or gross negligence, then it is conceivable that the AED prescriber, provider, instructor, acquirer, and/or premises owner could be named as co-defendants. Additionally, the immunity is personal to the rescuer. If the rescuer is not liable but harm resulted from a defective AED, then a possible claim against all other parties could be lodged. There are many hypothetical situations that shift liability among the provider, prescriber, acquirer, instructor or premises owner depending upon the facts. These would have to be addressed on a case by case basis.
Addressing your third question, we are not aware of legislation which imposes a duty to provide resuscitation or other first aid equipment upon owners of facilities where large numbers of people gather. This is more a general duty of care question for the owner.
In summary, this office is of the opinion that a gratuitous rescuer who uses an automated external defibrillator would be protected from civil liability under the general terms of LSA-R.S. 9:2793, Louisiana's "Good Samaritan" statute, provided the caregiver does not cause damage to another intentionally or by gross negligence and that the care is not given incidental to a business relationship. Additionally, this office is not aware of any legislation that imposes a duty upon owners of facilities where large numbers of people gather to provide AED's for emergency treatment of persons on their premises.
We hope that this addresses your concerns. Should you have any further questions, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb